UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELOUISE BRADLEY,

        Plaintiff,

v.                                                                  Case No. 15-cv-1384-pp

JENNIFER SABREE, JANE ABSHIRE,
REBECCA MCFADDEN, KARI KERBER,
GINGER KING, AND ROBIN RABER,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 23)**

        On March 22, 2016, several days after the court entered its decision and order dismissing the plaintiff's claims against the defendants in this case, the plaintiff filed a motion to alter or amend the court's judgment or, in the alternative, for relief from the court's judgment, under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 23. The court will deny the plaintiff's motions, for the following reasons.

        To prevail on a motion under Rule 59(e), the moving party must "demonstrate a manifest error of law or present newly discovered evidence" that merits reconsideration of the judgment. Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F.

1

Supp. 1063, 1069 (N.D. Ill. 1997). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments . . . ." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Rule 60(b)(3) permits a court to relieve a party from a final judgment if the judgment resulted from fraud, misrepresentation, or misconduct by an opposing party. Whether to grant a motion under Rules 59(e) and 60(b) is left to the discretion of the district court. Caisse, 90 F.3d at 1270; McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000).

In her motion for reconsideration, the plaintiff cited certain rules that authorize the court to alter or ament a final judgment under the appropriate circumstances, but she did not explain any facts that show the court should amend its judgment in this case under either Rule 59(e) or Rule 60(b). Nor did she provide any argument as to why she believes the court should reconsider its prior decision and order dismissing her claims against the defendants.

Because the plaintiff's motion for reconsideration does not demonstrate a manifest error of law—"wholesale disregard, misapplication, or failure to recognize controlling precedent"—or newly-discovered evidence, and because she has not established that the judgment resulted from fraud, misrepresentation, or misconduct by any of the defendants, the court **DENIES** the plaintiff's post-judgment motions under Rules 59(e) and 60(b).

Dated in Milwaukee, Wisconsin this 24th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge