UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ELOUISE BRADLEY,

          Plaintiff,

v.                                                                           Case No. 15-cv-1384-pp

JENNIFER SABREE, JANE ABSHIRE,
REBECCA MCFADDEN, KARI KERBER,
GINGER KING, AND ROBIN RABER,

          Defendants.

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 25)**

_____

          On March 28, 2016, the plaintiff filed a motion asking the court to reconsider its order denying the plaintiff's earlier-filed motion to alter or amend the court's judgment or, in the alternative, for relief from the court's judgment, under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 25. The court will deny the plaintiff's motion, for the following reasons.

          As the court explained in its prior order, to prevail on a motion under Rule 59(e), the moving party must "demonstrate a manifest error of law or present newly discovered evidence" that merits reconsideration of the judgment. Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)

1

(quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments . . . ." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Rule 60(b)(3) permits a court to relieve a party from a final judgment if the judgment resulted from fraud, misrepresentation, or misconduct by an opposing party. Whether to grant a motion under Rules 59(e) and 60(b) is left to the discretion of the district court. Caisse, 90 F.3d at 1270; McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000).

The court has considered the plaintiff's motion and concludes that it does not state a basis for relief under either Rule 59 or Rule 60. The court explained in its order dismissing the plaintiff's claims against the defendants that, if the plaintiff is not satisfied with this court's decision, she can file a notice of appeal within thirty days after the entry of judgment and appeal this court's orders to the United States Court of Appeals for the Seventh Ciruit. Dkt. No. 21 at 22.

Accordingly, the court **DENIES** the plaintiff's post-judgment motions under Rules 59(e) and 60(b). Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 4th day of April, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge